UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:05CV-114-R

*Filed*
*7-12-06*
*4:00 PM*
*In Open Court*

BRENT MCDOWELL and JIM TRUMAN                    PLAINTIFFS

v.

CITY OF PRINCETON, KENTUCKY                      DEFENDANT

# JURY INSTRUCTIONS
*And Verdict*

## INSTRUCTION NO. 1

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every civil case. Then I will explain the elements, or parts, of the claims in question.

You have two main duties as a juror. The first is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Plaintiff has proven its case against the Defendants by a preponderance of the evidence. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

## INSTRUCTION NO. 2

Your answer to any question must be unanimous. That is, all eight (8) members of the jury must agree on any answer to the question and verdict.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence of the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if you are convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

## INSTRUCTION NO. 3

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to establish that conclusion.

## INSTRUCTION NO. 4

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it all. But you should act reasonably and carefully in making these decisions.

You may consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. Then decide what testimony you believe, and how much weight you think it deserves.

# INSTRUCTION NO. 5

Some of you have taken notes during the trial. An individual juror may use notes to refresh his or her memory of evidence presented at trial, but the notes should not be relied upon as definitive fact or as evidence. Juror notes have no greater weight than memory, and note-aided and non-aided memory are of equal significance. Jurors should not be influenced by another juror's notes.

# INSTRUCTION NO. 6

Upon retiring to the jury room, you will select one of you to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court. You will take these instructions to the jury room, and when you have reached a unanimous agreement, you will have your foreperson fill in, date and sign your answers.

# INSTRUCTION NO. 7

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

## INSTRUCTION NO. 8

This case arises under the Fair Labor Standards Act. This federal law provides for the payment of time and one-half overtime pay. Plaintiffs Jim Truman and Brent McDowell, claim that Defendant City of Princeton did not pay them overtime pay required by the Fair Labor Standards Act.

This case also arises under the Kentucky Wage and Hour Law. The Kentucky Wage and Hour Law provides for payment of time and one-half overtime pay. Plaintiffs Jim Truman and Brent McDowell also claim that Defendant City of Princeton did not pay them the overtime pay required by the Kentucky Wage and Hour Law.

Defendant City of Princeton denies Plaintiffs' claims.

## INSTRUCTION NO. 9

Plaintiffs Jim Truman and Brent McDowell have the burden of proving each and every element of their respective claims by a preponderance of the evidence. If you find that either Plaintiff Jim Truman or Plaintiff Brent McDowell has not proved any one of the elements by a preponderance of the evidence, you must return a verdict for Defendant City of Princeton on that claim.

A preponderance of the evidence is established if you are persuaded a fact is more probably true than not. In other words, think of an ordinary balance scale, with a pan on each side. Onto one side of the scale, place all the believable evidence favorable to Plaintiffs. Onto the other side, place all of the believable evidence favorable to the Defendant.

Because each Plaintiff must prove his case, that Plaintiff may recover against the Defendant only if he tips the scale in his favor. If you conclude that the evidence is equally balanced or that it favors the Defendant, you must decide in favor of the Defendant.

## INSTRUCTION NO. 10

The Fair Labor Standards Act prohibits employers from employing an employee in an enterprise engaged in commerce for a work week longer than 40 hours at a rate less than one and one-half times the regular rate at which the employee is employed. In other words, it requires employers whose employees work more than 40 hours in a given work week to pay those employees one and one-half times their regular rate for the overtime worked.

To receive overtime compensation under the Fair Labor Standards Act, the Plaintiffs must prove four elements by a preponderance of the evidence:

1. That the Plaintiffs were employed by the Defendant during the time involved;

2. That the Plaintiffs were engaged in commerce or were employed by the Defendant as a public agency engaged in commerce;

3. That the claimed overtime work performed by the Plaintiffs was done necessarily and primarily for the benefit of the City of Princeton;  *Yes*

4. That the Defendant failed to pay the Plaintiffs the overtime pay required by law.  *Yes*

The parties have agreed that both Plaintiffs were employed by the City of Princeton during the time involved and that the City of Princeton is a public agency engaged in commerce. Therefore, the only two issues left for you to resolve are numbers three and four above.

If, after considering all the evidence, you find that a Plaintiff has failed to prove one or more elements of his claim, your verdict must be in favor of the Defendant with regard to that claim.

If, however, you find that a Plaintiff has proven his claim or claims, then you must

consider the question of damages which that particular plaintiff is entitled to recover.

The measure of damages is the difference between what either plaintiff, Jim Truman or Brent McDowell, should have been paid under the Fair Labor Standards Act and the amount, if any, you find that he was actually paid.

Do you find that Brent McDowell is entitled to overtime compensation under the Fair Labor Standards Act?

YES __✓__          NO _____

Date: 07-12-06          Foreperson: ███████

Do you find that Jim Truman is entitled to overtime compensation under the Fair Labor Standards Act?

YES __✓__          NO _____

Date: 07-12-06          Foreperson: ███████

## INSTRUCTION NO. 11

If you determine that the Plaintiffs have proven an overtime compensation violation by a preponderance of the evidence, you must then also determine whether the Defendant's conduct was "willful." If the Defendant, City of Princeton, knew or showed reckless disregard for the fact that its conduct was prohibited by the Fair Labor Standards Act, then its conduct was willful.

If the City of Princeton did not know, or knew only that the law was potentially applicable, and did not act in reckless disregard as to whether its conduct was prohibited by the law, even if it acted negligently, then its conduct was not willful.

Do you find that the City of Princeton's failure to pay overtime to **Brent McDowell** was willful under the Fair Labor Standards Act?

YES ✓            NO _____

Date: 07-12-06        Foreperson: ████████

Do you find that the City of Princeton's failure to pay overtime to **Jim Truman** was willful under the Fair Labor Standards Act?

YES ✓            NO _____

Date: 07-12-06        Foreperson: ████████

## INSTRUCTION NO. 12

A portion of this case also arises under the Kentucky Wage and Hour Law. The Kentucky Wage and Hour Law require employers to pay employees a rate of at least one and one-half times their regular rate for any time worked in excess of 40 hours in one work week. For the Plaintiffs to prevail under the Kentucky Wage and Hour Law, the Plaintiffs must prove by a preponderance of the evidence:

    1. That the Plaintiffs were employed by the Defendant during the time involved;

    2. That the Defendant is an employer as defined under the Kentucky Wage and Hour Law;

    3. That any work done by the Plaintiffs was work performed in the course and scope of their employment with the City of Princeton; and

    4. That the Defendant failed to pay the Plaintiffs the overtime pay required by law.

The parties have stipulated that the Plaintiffs were employed by the City of Princeton during the time periods relevant to Plaintiffs' claims, and that the City of Princeton is an employer as defined under the Kentucky Wage and Hour Law. Therefore, the only issues left for you to resolve are numbers three and four above.

If, after considering all the evidence, you find that a Plaintiff has failed to prove one or more elements of his claim, your verdict must be in favor of the Defendant with regard to that claim.

If, however, you find that a Plaintiff has proven his claim or claims, then you must consider the question of damages which that particular plaintiff is entitled to recover.

The measure of damages is the difference between what either plaintiff, Jim Truman or

Brent McDowell, should have been paid under the Kentucky Wage and Hour Law and the amount, if any, you find that he was actually paid.

Do you find that Brent McDowell is entitled to overtime compensation under the Kentucky Wage and Hour Law?

YES ✓        NO _____

Date: 07-12-06        Foreperson: 

Do you find that Jim Truman is entitled to overtime compensation under the Kentucky Wage and Hour Law?

YES ✓        NO _____

Date: 07-12-06        Foreperson: _____

## INSTRUCTION NO. 13

In the event that you are convinced by the evidence that one or both of the Plaintiffs have demonstrated by a preponderance of the evidence that the City of Princeton failed to pay them overtime in violation of the Fair Labor Standards Act **OR** the Kentucky Wage and Hour Law, then you must determine the damages. In other words, if you answered "YES" to either Instruction No. 10 or Instruction No. 12, or both, for either Plaintiff McDowell or Plaintiff Truman, you must determine how many hours that individual Plaintiff worked that he should have been paid as a direct result of the Defendant's violation of the Fair Labor Standards Act or the Kentucky Wage and Hour Law, or both, depending upon your finding in Instruction Nos. 10 and 12 as to each Plaintiff.

The Court will calculate the damages for each Plaintiff depending upon the number of hours, if any, you determine. In calculating the hours, the number must be just and reasonable, no more and no less. The calculation must not be based on speculation but must be a reasonable calculation based on the evidence.


**Brent McDowell:**

We the jury find that Plaintiff Brent McDowell is entitled to overtime compensation for the following number of hours for each of the relevant time periods:

May 24, 2001 - July 7, 2001 (44-day period): __68__ hours


July 8, 2001 - July 6, 2002 (363-day period): __571__ hours


July 7, 2002 - June 30, 2003 (358-day period): __562__ hours

July 1, 2003 - June 5, 2004 (340-day period): __540__ hours

June 6, 2004- March 5, 2005 (272-day period): __428__ hours

Date: __07-12-06__          Foreperson: ███████████

### Jim Truman:

We the jury find that Plaintiff Truman is entitled to overtime compensation for the following number of hours for each of the relevant time periods:

May 24, 2001 - July 7, 2001 (44-day period): __68__ hours

July 8, 2001 - July 6, 2002 (363-day period): __571__ hours

July 7, 2002 - June 30, 2003 (358-day period): __562__ hours

July 1, 2003 - February 15, 2005 (595-day period): __935__ hours

Date: __07-12-06__          Foreperson: ███████████