UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:05-CV-00114-R

BRENT McDOWELL and JIM TRUMAN                                                    PLAINTIFFS

V.

CITY OF PRINCETON, KENTUCKY                                                       DEFENDANT

**PLAINTIFFS' REPLY MEMORANDUM OF AUTHORITIES IN FURTHER SUPPORT OF THEIR MOTION FOR ATTORNEY'S FEE AND SUPPLEMENTAL REQUEST TO RECALCULATE LODESTAR**

Come the plaintiffs, Brent McDowell and Jim Truman, jointly, by counsel, and, for their reply in further support of their motion for a reasonable attorney's fee, state as follows:

**Undisputed Lodestar Amount**

The defendant, City of Princeton ("City"), has conceded that the lodestar amount of $47,819.00 is reasonable, as it has not argued that the rate of $200.00 per hour is unreasonable, nor has it objected to any of the time which plaintiff's counsel included within the calculation of the lodestar. Since the time of filing the Motion for Attorney's Fee, plaintiff's counsel has expended additional time in this case. The City has only objected to the plaintiffs requested "upward adjustment" of the lodestar by an additional amount of $10,349.10.

**Supplemental Request to Recalculate Lodestar Amount**

At the time the plaintiffs filed their Motion for Attorney's Fee, the lodestar was calculated for time spent up to and including July 12, 2006. The lodestar did NOT

include time for preparing the plaintiff's Bill of Costs, the drafting of the plaintiffs' Motion for Attorney's Fee, or for drafting the plaintiffs' Motion for Liquidated Damages.

After plaintiffs filed these motions and their Bill of Costs, the City objected to the Bill of Costs and filed responses to the motions. In addition, the City also filed its Renewed Motion for Judgment as a Matter of Law, to which the plaintiffs were required to respond. The plaintiffs have also expended time in preparing reply memorandums of law after the City filed its responses to the outstanding motions, including this reply memorandum.

Plaintiffs' counsel has expended an additional 27.00 hours in preparing a response to the City's objections to the Bill of Costs, in responding to the City's Renewed Motion for Judgment as a Matter of Law, and in preparing reply memorandums in further support of its motions for liquidated damages and attorney's fee. (See Exhibit A attached hereto). Therefore, the lodestar should be recalculated as follows:

| | | |
|---|---|---|
| Attorney, Edward K. Box ……………..…..249.20 hours x $200.00 = | | $49,840.00 |
| Assoc. Attorney, L. Miller Grumley ……………1.60 hours x $125.00= | | 200.00 |
| Paralegal, Nikki Smith ………………………….37.40 hours x $85.00= | | <u>3,179.00</u> |
| | TOTAL FEES | $53,219.00 |

**Argument Regarding the Upward Adjustment**

Originally, plaintiffs requested the Court to award them an additional $10,349.10 as an "upward adjustment" of the lodestar as a reasonable attorney's fee based upon the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). Due to the requested supplementation to the lodestar, plaintiffs now are

seeking a small upward adjustment to the lodestar by only $4,949.10. Adding this upward adjustment to the recalculated lodestar will render a total attorney's fee of $58,168.10, which is the original amount sought by the plaintiffs in their motion.[1]

The City has agreed that the Court has discretion to apply the *Johnson* factors in determining whether an upward adjustment to the lodestar is warranted. The first factor is the degree of success obtained by the plaintiffs. The City argues that plaintiffs sought four hours per day to take care of the canines. This is simply not true. Plaintiffs presented abundant evidence through plaintiffs' testimony, and testimony from Officers Scott Brown, Steve Hendley and Jason Merrick, that one hour per day was reasonable to take care of a canine's daily grooming, feeding, and other at-home care needs. Plaintiffs' expert, Dondi Hydrick, testified that four hours per week was necessary for training. Defendant's expert, Bobby Mutter, testified that ten to twelve hours per week was necessary. At no time during the trial did plaintiffs ever seek to have the jury award them four hours per day for overtime. In fact, the plaintiffs asked for and sought only 1.5 hours per day. This figure represented one hour per day for at home care and one-half hour per day for training.

After the jury returned its Verdict, the total hours per day awarded each plaintiff was 1.57 hours. Assuming the jury awarded one hour per day for at home care, the remaining .57 hour per day would be for training. The .57 hour per day awarded by the jury multiplied by a seven-day week is 3.99 hours per week, which is almost the exact

---

[1] The $58,168.10 represents 33-1/3 percent of compensatory damages awarded and an equal amount as liquidated damages. Of this amount, $53,219.00 is the recalculated lodestar.

amount of time which plaintiff's expert, Dondi Hydrick, said was necessary for training. Thus, the jury awarded the highest amount the plaintiffs asked for at trial.

The third factor, "time limitations imposed by the circumstances," warrants an upward adjustment. The City argues that most every FLSA claim would involve consideration of the statute of limitations. Again, this is not true. Only in circumstances where the employer had failed to pay overtime for a period longer than three years, as in this case, would the statute of limitations impose circumstances which warrant an upward adjustment.

In this case, the first communication between plaintiffs' counsel and the City occurred on April 13, 2005, wherein a demand for settlement was tendered. At that time, plaintiffs informed the City that they were seeking unpaid overtime wages beginning on May 19, 2001. The City did not respond to this settlement demand and, on May 24, 2005, plaintiffs filed this lawsuit. Therefore, each plaintiff lost five days of overtime due to the Kentucky five-year statute of limitations running before plaintiffs filed suit, totaling $147.82 each.[2] While this figure is not substantial, it is evidence that undersigned counsel had to rearrange his workload to minimize the plaintiffs' losses for each day that passed without filing suit.

## Conclusion

Plaintiffs are not seeking to "gouge" the City with an unreasonable attorney's fee, although they are seeking to recover an amount which is equal to 33 1/3 percent of the total damages they expect they will receive once the Court rules on their Motion for

---

[2] This figure is 1.57 multiplied by $18.83 (wage rate) multiplied by five days for each plaintiff.

Liquidated Damages.  Assuming that plaintiff's counsel will not need to expend further time in this matter before judgment is entered, an award of $58,168.10 as a reasonable attorney's fee is justified given the circumstances surrounding this case.  The lodestar amount is $53,219.00, and a small upward adjustment of $4,949.10 is warranted.  For the reasons included in its original motion and in this response, plaintiffs' motion for an award of $58,168.10 as a reasonable attorney's fee should be granted.

RESPECTFULLY SUBMITTED, this the 15th day of August 2006.

GAULT, MARSHALL & MILLER, PLLC

By: s/Edward K. Box
    Edward K. Box
    P.O. Box 30
    Paducah, KY 42002-0030
    (270) 442-1900
    (270) 442-8247 (fax)
    ebox@gaultlaw.com

Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that I have, this 15th day of August 2006, electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:   Byron L. Hobgood

    s/Edward K. Box
    Attorney for Plaintiffs