UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:05CV114-R

BRENT MCDOWELL and JIM TRUMAN                                PLAINTIFFS

v.

CITY OF PRINCETON, KENTUCKY                                   DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court on Motion for Judgment NOV of Defendant City of Princeton, Kentucky (Dkt. # 78). Plaintiffs Brent McDowell and Jim Truman responded (Dkt. # 80). In a related motion, Plaintiffs seek statutory liquidated damages in addition to the jury's award (Dkt. # 73); Defendant responded to this motion (Dkt. # 79), and Plaintiffs replied (Dkt. # 81). Also related is Plaintiffs' motion for Attorney Fees (Dkt. # 74), to which Defendant responded (Dkt. # 77) and Plaintiffs replied (Dkt. # 82). Finally, Defendant filed an objection (Dkt. # 75) to Plaintiffs' Bill of Costs (Dkt. # 72), to which Plaintiffs responded (Dkt. # 76). Because the issues in these various motions are interrelated, the Court will address them all in this opinion.

## BACKGROUND

Plaintiffs Brent McDowell and Jim Truman were each employed by the City of Princeton's police department as canine officers; that is, officers who utilized dogs in their work, either for narcotics detection or for tracking. They filed the instant complaint under the federal Fair Labor Standards Act ("FLSA") and Kentucky's Wage and Hour Laws, seeking overtime compensation for time spent caring for and training the dogs outside their normal working hours.

By unanimous verdict rendered on July 12, 2006, a jury awarded Plaintiffs McDowell and Truman compensation for time for which it found Plaintiffs were entitled to compensation.

As part of its damages award, the jury was required to determine whether the City of Princeton's violation of the FLSA was willful or not. This determination was required because the FLSA, as amended by the Portal-to-Portal Act of 1947, contains "a significant distinction between ordinary violations and willful violations" for statute of limitations purposes: for an ordinary violation, the limitations period is two years, and for a willful one it is three years. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 131-32, 108 S.Ct. 1677, 1680-81, 100 L.Ed.2d 115 (1988). Because both Plaintiffs alleged failure to compensate going back farther than two years, the jury needed to determine whether the violation was willful or not before they could award damages, because the willfulness determination would be the difference between two and three years' worth of overtime compensation.

## DISCUSSION

**Motion for Judgment N.O.V.**

At the close of evidence in the case, Defendant moved for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a). The Court denied Defendant's motion, and on August 3, 2006, Defendant renewed its motion, seeking to overturn the jury's finding of willfulness. Plaintiffs object to the motion on both procedural and substantive grounds.

As to the procedural issues, Rule 50, which prescribes the procedures for seeking judgment as a matter of law (before and after a jury verdict) contains a 10-day time limitation:

> (b) If, for any reason, the court does not grant a motion for judgment as a matter of law made at the close of all the evidence, the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. The movant may renew its request for judgment

>as a matter of law by filing a motion no later than 10 days after entry of judgment...

Insofar as the judgment was entered on July 17, Defendant's August 3 motion is clearly made outside of that time frame. As Plaintiffs correctly note, "[i]n the absence of a timely motion [for judgment n.o.v.], the courts do not have the power to grant such relief." *Philhall Corp. v. U.S.*, 546 F.2d 210, 211 (6th Cir. 1976) (citing *Johnson v. New York, New Haven & Hartford Railroad*, 344 U.S. 48, 50, 73 S.Ct. 125, 97 L.Ed. 77 (1952). On this point, Defendants argue that the judgment entered as of that date was not "final," and therefore the ten-day period has not yet been triggered.

Even if the Court did have authority to decide the motion, the jury verdict would be allowed to stand. Defendant argues that the proof at trial was insufficient to sustain the jury's determination that the City's violation of the FLSA was willful. Evaluation of this claim merits repetition of the standard, discussed in the Court's summary judgment opinion of June 29, 2006, for a finding of willfulness under the FLSA. A willful violation requires "that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Id.* (citing *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985)). The Court concluded that:

>As to the issue of whether the City's failure to pay overtime was willful, material issues of fact exist as well. Plaintiff Truman's deposition testimony indicates that he raised the issue of overtime pay with the City in 2001, and several times thereafter. (Dkt. # 34, at 37). The record also indicates that several city officials received training on the issue of compliance with wage and hour law compliance. (Dkt. # 41, at 75, and # 42, at 12-13). This evidence presents a material issue of fact for the jury.

(Dkt. # 57, at 7). During the course of the trial, the testimony before the jury included assertions to these effects that the jury reasonably could have believed. With respect to the sufficiency of

the evidence in the record, Defendant argues as follows:

> Absent from the trial record is any evidence suggesting that the City knew that the agreements were in violation of the FLSA and the Kentucky Wage and Hour Law or that the City acted with disregard as to whether the canine lease agreement violated any such law. The evidence merely showed that Chief Ward and Mayor Hughes knew that the FLSA existed, and they believed that the canine lease agreements between the Plaintiffs and the City were legally binding and controlling as to the Plaintiffs' pay. This does not constitute willfulness as indicated in *McLaughlin*. The evidence demonstrates that it was in good faith and reasonable for the City to assume that the canine lease agreements were legally controlling as to both parties despite the FLSA and the Kentucky Wage and Hour Law.

(Dkt. # 78, at 2-3). The City did not object to the Court's instruction to the jury on willfulness. Further, both Plaintiff McDowell and Plaintiff Truman testified that they had raised the issue of overtime compensation for the canine handlers with Chiefs of Police and/or the city's Mayor at various times during their tenure with the City. Further, the Mayor testified that the City, after an FLSA complaint from other city employees, had conducted an investigation into the matter; she also testified that no such investigation was done on the issue of overtime compensation for the Plaintiffs. The contrary evidence - that Chief of Police Ward and Mayor Hughes believed that the lease agreements rendered the FLSA provisions inapplicable, and that they did not remember some things about the various conversations - is insufficient to render the jury's willfulness determination unsupported as a matter of law. The various testimony about conversations between the parties and their individual beliefs about the situation require credibility determinations, which the jury in this case made, and which provided evidence sufficient to support its verdict. Therefore, Defendant's motion for judgment n.o.v. is again **DENIED**.

**Objections to Plaintiff's Bill of Costs**

Defendant also filed an objection to several items on Plaintiffs' Bill of Costs. Specifically, Defendant objects to the following: expert fees for Dondi Hydrick; deposition time for Bobby Mutter; and expenses for attorney travel. Plaintiffs concede the objection with respect to the fees paid to Hydrick and Mutter; however, they cite a case from our sister court in the Western District of Michigan that held that travel expenses do fall within the fee-shifting provision of the FLSA. *Colunga v. Young*, 722 F.Supp. 1479, 1488 (W.D.Mich.1989). As other courts have observed, however, this case is outside the mainstream and appears to be contrary to other, binding precedent. *Calderon v. Witvoet*, 112 F.3d 275, 276 (7th Cir. 1997). In *Calderon*, the Seventh Circuit overturned a district court's award of travel expenses under the FLSA, saying:

> Second, the district court included among the costs expenses plaintiff Daniel Gutierrez incurred in traveling from Texas to Illinois for trial. Section 1920 does not authorize this; neither does the theory of *Missouri v. Jenkins* [491 U.S. 274, 285-89, 109 S.Ct. 2463, 2470-72, 105 L.Ed.2d 229 (1989)], because the expense of a litigant's travel does not appear on an attorney's bill. According to plaintiffs, § 216(b) expands the category of costs. But the statute does not say so; it refers to "costs" without elaboration. To learn which expenses are taxable as "costs" a court must look elsewhere, and the only pertinent definition is in § 1920. Crawford Fitting holds that the judiciary may not expand its enumeration. Authorization to award attorneys' fees in a category of cases does not add to the list of allowable costs. *West Virginia University Hospitals, Inc. v. Casey*, 499 U.S. 83, 111 S.Ct. 1138, 113 L.Ed.2d 68 (1991); *Bankston* [*v. State of Illinois*], 60 F.3d [1249] at 1257 [(7th Cir. 1995)]. Although *Colunga v. Young*, 722 F.Supp. 1479, 1488 (W.D.Mich.1989), directs defendants to reimburse plaintiffs for their travel expenses in a FLSA case, that decision is contrary to *Crawford Fitting* and *West Virginia University Hospitals*, neither of which it cited. We therefore disapprove the district court's conclusion in *Colunga*. The [S]ixth [C]ircuit affirmed *Colunga* without published opinion, 914 F.2d 255 (1990) (table); its brief order (No. 89-2155, Aug. 31, 1990) shows that defendant contested the merits of the judgment against him but did not raise any issue concerning costs.

The Court believes that the Seventh Circuit's reasoning is persuasive, and holds that Plaintiffs'

attorney's travel expenses must be encompassed within the attorney fee assessed under the statute and are *not* taxable as costs.

**Motion for Liquidated Damages**

Plaintiffs moved for an award of liquidated damages under the FLSA, which provides in relevant part as follows: "Any employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee or employees affected in the amount of their ... unpaid overtime compensation ... and in an additional equal amount as liquidated damages." 29 U.S.C § 216(b). Defendant seeks to avoid the imposition of liquidated damages on the grounds that it acted in good faith pursuant to 29 U.S.C. § 260, which provides as follows:

In any action commenced prior to or on or after May 14, 1947 to recover unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended, if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title.

Plaintiffs cite the case *EEOC v. City of Detroit Health Dept., Herman Kiefer Complex*, in which the Sixth Circuit held that in considering an employer's good faith argument under § 260, district courts are bound by jury determinations of willfulness if they are supported by the evidence. 920 F.2d 355, 358 (6th Cir. 1990). In reviewing such a determination, the Sixth Circuit said: "Since the jury determined that the City's violation of the Equal Pay Act was willful, and since the district court was, in determining whether the violation was in good faith and with reasonable grounds, presented with the same issue, the district court was bound by the jury finding." *Id.*, citing *Korte v. Diemer*, 909 F.2d 954 (6th Cir.1990). In *Korte*, the Sixth Circuit said: "This court has consistently held that '[w]hen a party has a right to a jury trial on an issue involved in a legal

claim, the judge is ... bound by the jury's determination of that issue as it affects his disposition of an accompanying equitable claim.' " *Id.*, at 957, quoting *Kitchen v. Chippewa Valley Schools* 825 F.2d 1004, 1014 (6th Cir. 1987). Although, as Judge Guy expressed in his concurrence in *E.E.O.C. v. City of Detroit Health Dept., Herman Kiefer Complex*, this rule seems somewhat problematic, the Court is bound by the Sixth Circuit's determination of the issue.[1] Therefore, Plaintiff's motion for liquidated damages will be **GRANTED**.

**Plaintiff's Motion for Attorney Fees**

The parties' dispute over Plaintiffs attorney fees is limited to the issue of the "upward adjustment" to the lodestar calcuation requested by Plaintiffs. After using the lodestar method (multiplying the appropriate rate by the number of hours expended) to calculate the attorney fees, Plaintiffs also seek a $10,349.10 "upward adjustment." The parties agree that the Court's decision to award such an upward adjustment is governed by the factors described in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974). These factors are as follows: (1) The time and labor required; (2) The novelty and difficulty of the questions; (3) The skill requisite to perform the legal service properly; (4) The preclusion of other employment by the attorney due to acceptance of the case; (5) The customary fee; (6) Whether the fee is fixed or contingent; (7) Time limitations imposed by the client or the circumstances; (8) The amount involved and the results obtained; (9) The experience, reputation, and ability of the attorneys; (10) The "undesirability" of the case; (11) The nature and length of the professional relationship

---

[1] Because the Plaintiffs have conceded that, if recovery is allowed under the FLSA then it will not also be allowed under the Kentucky Wage and Hour Laws, and because the Court is ultimately allowing full recovery under the FLSA, the Court does not address the issue of whether the good faith argument may be made under the Kentucky laws.

with the client; and (12) Awards in similar cases.

Plaintiffs rest their request on six of these factors: degree of success, loss of other employment, time limitations, undesirability of the case, contingency nature of the case, and awards in other cases. The Court has considered these factors and finds that, to the extent that they are present in this case, they are not sufficient to warrant an upward adjustment of fees. Therefore, the Court finds that Plaintiffs are entitled to attorney fees in the amount of the lodestar calculation - $53,219.00.

## CONCLUSION

For the reasons discussed above, Defendant's Motion for Judgment N.O.V. will be **DENIED**.  Plaintiffs' Motion for Attorney Fees and Motion for Liquidated Damages will be **GRANTED** as set forth herein, and costs will be taxed as set forth herein.  An appropriate order shall issue.